[Cite as *State v. Secrist*, 2016-Ohio-3115.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 15CA75 |
| DAVID SECRIST | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Common
Pleas Court, Case No. 2015-CR-376

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 20, 2016

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

BAMBI COUCH PAGE        JAMES L. BLUNT, II.
Prosecuting Attorney        3954 Industrial Parkway Drive
Richland County, Ohio        Shelby, Ohio 44875

By: DANIEL M. ROGERS
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant David K. Secrist appeals his conviction and sentence entered by the Richland County Court of Common Pleas, on one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04, following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 13, 2015, the Richland County Grand Jury indicted Appellant on one count of bribery, in violation of R.C. 2921.02(C), a felony of the third degree; and one count of intimidation of a crime victim or witness, in violation of R.C. 2921.04(A), a misdemeanor of the first degree. Appellant entered a plea of not guilty to the Indictment at his arraignment on April 28, 2015.

{¶3} The trial court conducted a final pre-trial on July 13, 2015. The following day, the trial court scheduled a change of plea hearing for July 20, 2015. Counsel for Appellant filed a motion for continuance of change of plea hearing and trial on July 16, 2015. The trial court rescheduled the change of plea hearing to July 27, 2015, and the trial to July 30, 2015. At the change of plea hearing, Appellant declined to enter a guilty plea. The trial court denied Appellant's subsequent motion for continuance of trial. A jury trial commenced on July 30, 2015.

{¶4} On January 28, 2015, Officer Joshua Frech was dispatched to 288 Bell Street in Bellville, Richland County, Ohio, in response to an intimidation call. Officer Frech spoke to Sarah Davidson. Mrs. Davidson reported a man in his late forties came to the door, and offered her $500 to drop charges she had filed against one David Darr. Officer Frech spoke with David Davidson, her husband, later that day.

{¶5} Sarah Davidson testified her family's home had been burglarized in September, 2014, during which her children's gaming system and all of their games were stolen. David Darr had been arrested for the burglary. Mrs. Davidson recalled, on the morning of January 28, 2015, her husband, David Davidson, answered the door. The individual at the door, who was subsequently identified as Appellant, asked to speak with Mrs. Davidson. Mrs. Davidson stepped outside the door to speak to Appellant, who introduced himself as Darr's uncle. Appellant indicated he was there to discuss the matter involving Darr and to get the charges against Darr "to go away." Mrs. Davidson told Appellant he should not be there and needed to leave. Mrs. Davidson reentered her home, and Mr. Davidson stepped outside. Appellant told Mr. Davidson he was willing to pay for the stolen property to make the case go away so Darr would not go to jail. Appellant gave a piece of paper to Mr. Davidson, which read:

Statement of Fact

I (blank) do hereby withdraw my previous complaint against David Darr due to unknown facts about the situation at the time unbeknownst to me, (blank, blank) had given David Darr permission to go inside the house and get our Play Station and had left the house unlocked so he could enter. All charges against David Darr must be dropped because he is innocent.

(Signature line)

(Notary line)

{¶6} Mrs. Davidson immediately contacted the Bellville Police Department. Appellant stopped by the Davidson's home on a second occasion, but neither she nor her husband was home. Appellant also sent the Davidsons a letter via U.S. mail.

{¶7} David Davidson testified in September, 2014, David Darr, a friend of his son, broke into their home and stole his youngest son's PS3 gaming system as well as all of his games and equipment. Darr called Mr. Davidson later that day and apologized. Mr. Davidson asked Darr to return the items, to no avail. Darr told Mr. Davidson he wanted to speak with him in person, but Mr. Davidson never heard from him again.

{¶8} Mr. Davidson recounted the events of the morning of January 28, 2015. He recalled Mrs. Davidson became upset during her conversation with Appellant. When Mr. Davidson appeared at the front door, Appellant indicated he was Darr's friend and he "just wanted it to end today". Tr. at 30. Appellant also told Mr. Davidson he would do "whatever needed to be done for David not to get in trouble". *Id.* Appellant offered the Davidsons $500 to change their stories. Mr. Davidson recalled Appellant returned to the house on several occasions over the course of January 28, and 29, 2015. During one visit, Appellant presented the "Statement of Fact", set forth supra, to the Davidsons for signature.

{¶9} Detective Brad Hoffert of the Bellville Police Department was assigned to investigate the incident. Det. Hoffert described the relationship between Appellant and David Darr, explaining Darr worked in the bus garage with Appellant and earned school credit. Det. Hoffert made contact with Appellant. During the conversation, Appellant admitted he had offered Mr. and Mrs. Davidson $500, in exchange for their changing their story regarding the burglary and theft. Appellant further admitted he sent the Davidsons

a follow-up letter repeating his request they change their story.  Appellant told the detective he just wanted to "smooth things over" with Darr and the Davidsons.  Appellant did not view his actions as criminal.

{¶10}  Appellant testified on his own behalf.  Appellant acknowledged he visited the Davidsons, but did so in order to pay for the gaming system.  He explained to the Davidsons he had evidence their son was involved with Darr's stealing the gaming system.  The Davidsons became irate and Appellant left.  Appellant returned to the Davidson residence and presented Mr. Davidson with the "Statement of Fact".  Mr. Davidson advised Appellant he would show it to his wife and indicated Appellant should return in a couple of days.  Appellant subsequently mailed the Davidsons a letter.

{¶11}  After hearing all the evidence and deliberating, the jury found Appellant not guilty of Count 1 of the Indictment, bribery, but guilty of Count 2, intimidation of a crime victim or witness.  The trial court sentenced Appellant to one year probation and 120 hours of community service, fined Appellant $1,000.00, and ordered Appellant to have no contact with David and Sarah Davidson or their family.  The trial court memorialized Appellant's conviction and sentence via Sentencing Entry filed August 4, 2015.

{¶12}  It is from his conviction and sentence on one count of intimidation of a crime victim or witness Appellant appeals, raising as his sole assignment of error:

{¶13}  "I. WHETHER THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶14}  Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a

manifest miscarriage of justice, *State v. Thompkins* (1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, syllabus 1.

{¶15} A fundamental premise of our criminal trial system is that 'the *jury* is the lie detector.' *United States v. Barnard* (C.A.9 1973)*,* 490 F.2d 907, 912 (Emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724–725, 35 L.Ed. 371 (1891)". *United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266–1267.

{¶16} Appellant contends the state did not present evidence he threatened the alleged victims.  Appellant adds there was no testimony his actions intimidated or hindered the victims from filing or prosecuting the criminal charges against Darr.

{¶17} Appellant was convicted of intimidation of a crime victim or witness, in violation of R.C. 2921.04(A), which provides: "No person shall knowingly attempt to intimidate or hinder the victim of a crime or delinquent act in the filing or prosecution of criminal charges or a delinquent child action or proceeding, and no person shall knowingly attempt to intimidate a witness to a criminal or delinquent act by reason of the person being a witness to that act."

{¶18} Under Ohio law, neither threats nor fear of physical harm are necessary to sustain a conviction under R.C. 2921.04(A), as said provision states a defendant is guilty if he or she knowingly attempts to intimidate or hinder a crime victim. *State v. Simpson,* Franklin App. No. 07AP–194, 2007–Ohio–7018; See, also, *State v. Munz,* Cuyahoga App. No. 79576, 2002–Ohio–675 (conviction under R.C. 2921.04(A) upheld where the defendant called the victim of his domestic violence charge and said he would commit suicide if she continued with the charges). "While the majority of fact patterns concerning R.C. 2921.04(A) that we have reviewed do contain overt threats, we are not aware of an appellate court that, to date, has *required* the making of a threat in order to sustain a conviction under R.C. 2921.04(A)." *Id.* at para. 21.

{¶19} The testimony at trial established Appellant, on multiple occasions, approached the Davidsons and attempted to persuade them from pursuing charges against David Darr. Appellant offered the Davidsons $500, in exchange for their signing the "Statement of Fact", which essentially absolved Darr of any criminal wrongdoing. In addition, Appellant admitted to Det. Hoffert he offered Mr. and Mrs. Davidson money in order to "smooth things over" with Darr.

**{¶20}** While Appellant denied his intent to hinder or intimidate the Davidsons, the trier-of-fact may infer Appellant's intent from his words and actions. Appellant's repeated visits to the Davidson's home coupled with his use of language such as "make the case go away" and he would do "whatever needed to be done for David not to get into trouble" support the inference Appellant intended to attempt to hinder or interfere.

**{¶21}** Based upon the foregoing, we find the jury could reasonably find the state proved all the essential elements of the crime of intimidation of a crime victim or witness, in violation of R.C. 2921.04. Accordingly, we do not find Appellant's conviction was against the manifest weight of the evidence.

**{¶22}** Appellant's sole assignment of error is overruled.

**{¶23}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur